**Electronically Filed
Intermediate Court of Appeals
30596
26-AUG-2011
09:31 AM**

NO. 30596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellant,
v.
STATE OF HAWAII, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. DC SP 09-1-0003 (04-48531 & 04-48534))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Petitioner-Appellant Chris Grindling (Grindling) appeals from the "Order Denying Petitioner's Motion to Transfer Petition to Vacate, Set Aside or Correct Judgment to Circuit Court and Dismissing Petitioner's Petition to Vacate, Set Aside, or Correct Judgment" (Order) filed on May 17, 2010 in the District Court of the Second Circuit, Wailuku Division[1] (district court).  Grindling filed his Petition to Vacate or Set Aside Judgment (Rule 40 Petition) on December 9, 2009 pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40.

In the underlying criminal case, the district court found Grindling guilty of Criminal Tampering in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-827 (Supp. 2010), and Harassment, in violation of HRS § 711-1106 (Supp. 2008).  The district court sentenced Grindling to

---

[1]  The Honorable Rhonda I.L. Loo presided.

imprisonment for two concurrent terms of ten days and filed a Judgment in each of the two cases on June 23, 2004. Grindling timely appealed, and this court affirmed the two Judgments.

On December 9, 2009, Grindling filed his Rule 40 Petition, in which he alleged that the two police officers had perjured themselves. The State of Hawai‘i (State) opposed the Rule 40 Petition. On May 17, 2010, the district court filed the Order, and Grindling timely appealed. On appeal, Grindling contends the district court erred when it ruled that it did not have jurisdiction to review his criminal conviction because of the pending civil matter.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

In the appeal of the underlying criminal case, Grinding contended the district court erred in finding him guilty of Criminal Tampering in the Second Degree and Harassment because the State failed to present sufficient evidence to prove that he committed those offenses. As to the second degree criminal tampering charge, Grindling contended the State failed to prove beyond a reasonable doubt that (1) he was the person who put toilet paper on the video surveillance cameras and (2) he acted with the required state of mind. As to the Harassment charge, Grindling contends the State failed to prove beyond a reasonable doubt that (1) his threat to damage property was one he was reasonably capable of carrying out and (2) he acted with the required state of mind. This court affirmed Grindling's convictions, holding that the State presented sufficient evidence to prove Grindling was guilty of Criminal Tampering in the Second Degree and Harassment.

Grindling's Rule 40 Petition alleged that his conviction was based on perjured testimony. The district court

2

denied Grindling's Rule 40 Petition as premature because he had pending civil suits addressing this alleged perjured testimony. Regardless of whether HRPP Rule 40(f) supports the district court's basis for dismissal of the Rule 40 Petition without a hearing, the district court properly dismissed Grindling's Rule 40 Petition.

Rule 40(f) provides that "the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner." Furthermore Rule 40(a)(3) provides that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." Grindling was not entitled to a hearing on his Rule 40 Petition, and his petition was properly dismissed because his claims were previously raised, waived, or patently frivolous and without support in the record or from evidence submitted by Grindling.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Petitioner's Motion to Transfer Petition to Vacate, Set Aside or Correct Judgment to Circuit Court and Dismissing Petitioner's Petition to Vacate, Set Aside, or Correct Judgment" filed on May 17, 2010 in the District Court of the Second Circuit, Wailuku Division, is affirmed.

DATED: Honolulu, Hawai'i, August 26, 2011.

On the briefs:

Chris Grindling,
Petitioner-Appellant pro se.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3